AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| OTONIEL MEZA | ) | Case No.3:20-mj-71785 MAG |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

**FILED**

Dec 08 2020

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _August 29, 2020_ in the county of _San Francisco_ in the _Northern_ District of _California_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 922(g)(1) | Possession of a Firearm<br>Maximum penalties: 10 years' imprisonment; $250,000 fine; 3 years' supervised release; $100 special assessment; forfeiture |
| 18 USC § 841(a)(1) and (b)(1)(C) | Possession of Cocaine with Intent to Distribute<br>Maximum penalties: 20 years' imprisonment; $1,000,000 fine; supervised release term of life; $100 special assessment |

This criminal complaint is based on these facts:

See attached affidavit of ATF Special Agent Andrea Buenaventura.

☑ Continued on the attached sheet.

Approved as to form _/s/ Ankur Shingal_
              AUSA _____

Sworn to before me by telephone.

Date: _12/07/2020_

City and state: _San Francisco, CA_

_/s/_
_Complainant's signature_

ATF Special Agent Andrea Buenaventura
_Printed name and title_

Hon. Jacqueline S. Corley, U.S. Magistrate Judge
_Judge's signature_
_Printed name and title_

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andrea Buenaventura, being duly sworn, hereby state as follows:

### INTRODUCTION

1.     This Affidavit is made in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a Criminal Complaint and Arrest Warrant charging and authorizing the arrest of Otoniel MEZA for being a person in possession of a firearm in violation of Title 18, United States Code, Section 922(g)(1), and for possessing with intent to distribute cocaine in violation of United States Code, Section 841(a)(1) and (b)(1)(C) on August 29, 2020 in the Northern District of California.

### AFFIANT BACKGROUND

2.     I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms, and Explosives and have been so employed since March 2014.  I am presently assigned to the ATF San Francisco Metro Field Office in San Francisco, California.  I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.  I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia.

3.     As an ATF Special Agent, I have been trained to conduct and participate in both state and federal investigations involving the manufacturing and trafficking of firearms and distribution of controlled substances. I have received training in investigating and assisting in the prosecution of criminal street gangs engaged in illegal firearms and narcotics trafficking.  I have received training and participated in various types of investigative techniques, including using electronic surveillance, undercover agents, and informants.  I have participated in physical

1

surveillance operations and have participated in the execution of federal and state search and arrest warrants.

4.      The facts and information set forth in this affidavit are based on my personal observations, my training and experience, and, as specifically attributed below, information obtained from law enforcement officers and witnesses. To the extent that any information in the affidavit is not within my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true. This affidavit is made for the sole purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant and does not purport to set forth all my knowledge of, or investigation into, this matter. In addition, where I report information I learned from others or from reviewing documents and reports prepared by others, such information is recounted in sum and substance and in relevant part.

## APPLICABLE LAW

5.      Title 18, United States Code, Section 922(g)(1) prohibits any person convicted of a crime punishable by more than one year in prison from possessing a firearm or ammunition if that firearm or ammunition has been in or affecting interstate commerce. The defendant must also have known, at the time he possessed the firearm or ammunition, that he had been convicted of a crime punishable by imprisonment exceeding one year.

6.      Title 21, United States Code, § 841(a)(1)(A) and (b)(1)(C) prohibits any individual from (1) knowingly possessing with intent to distribute; (2) a controlled substance.

2

## FACTS ESTABLISHING PROBABLE CAUSE

### A.  MEZA Was Arrested While in Possession of a Firearm and Cocaine

7.      On August 29, 2020, San Mateo Police Department Officers ("SMPD") observed

an individual driving a Toyota Camry bearing a California license plate number 8FDA010

commit a violation of California Vehicle Code § 22450(a), failure to stop behind the limit line at

the intersection with a stop sign.  SMPD attempted to effect a traffic stop but the individual fled

at a high rate of speed.  In the interest of public safety, SMPD did not pursue the vehicle.

Moments later, SMPD heard a vehicle collision near their location.  It should be noted the initial,

attempted traffic stop as well as the vehicle collision occurred in a residential neighborhood.

SMPD responded to the area of the collision and saw the Camry with front-end damage in

addition to major damage to another vehicle.

 

8.      The driver of the Camry, later identified as Otoniel MEZA, exited the vehicle.

MEZA was detained and asked if he (MEZA) had any weapons.  MEZA confirmed he had a

firearm in the vehicle, under the driver's seat.

9.      The vehicle was searched and a Ruger LCR 9mm handgun, bearing serial number

325-56892, was located under the driver's seat.  The firearm had one 9mm round in the chamber,

3

and 6 more 9mm rounds in the magazine, for a total of 7 rounds. The firearm is depicted below.



10.     MEZA was read his *Miranda* rights and he confirmed that he understood his rights. Officers then asked MEZA why he had fled, and he stated that he was scared because he knew that he had a firearm in the vehicle, and that his possession of the firearm was illegal because he was a felon. He admitted that the firearm was his and that he had bought it from an unknown subject in San Francisco.

11.     Officers then asked MEZA if he had any illegal contraband and MEZA admitted to possessing "coke" under his testicles. MEZA and the officers then removed a plastic bag containing six smaller plastic bags from underneath MEZA's testicles. Each smaller bag contained a white powdery substance that the officers recognized, from training and experience, to be consistent with cocaine. Officers questioned MEZA about the white powdery substance. MEZA stated the substance was cocaine and that he possessed the cocaine for the purposes of sale. MEZA admitted to selling a quarter-ounce of cocaine the week prior. MEZA also had $622.00 in small denominations in his wallet.

12.     The suspected cocaine was later scanned utilizing a TruNarc analyzer for

4

identification.   The TruNarc scan resulted in a positive presumptive return for Cocaine HCL, depicted below.

 

**B. MEZA's Knowledge of His Prohibited Status**

13.     As noted above, MEZA admitted (after receiving his *Miranda* rights) that he was aware that he had been previously convicted of a felony and that he was therefore prohibited from carrying a firearm.

14.     I have reviewed MEZA's criminal history as part of my investigation.   He has been convicted of crimes punishable by a term of imprisonment exceeding one year, *i.e.*, on May 23, 2012, MEZA was convicted of: two (2) counts of transporting/selling a controlled substance, in violation of California Health and Safety Code Section 11352.  Both counts are felonies punishable by imprisonment of a term exceeding one year. For these convictions, MEZA was initially sentenced to 210 days jail and probation with a firearm restriction.

**C. The Firearm and Ammunition Possessed by MEZA Traveled in Interstate Commerce**

15.     An investigation into the firearm and ammunition that MEZA possessed revealed that both the firearm and ammunition were manufactured outside the state of California.   The

firearm and ammunition therefore traveled in interstate commerce.

## **CONCLUSION**

16.     Based upon the information set forth in this Affidavit, I respectfully submit that there is probable cause to believe that MEZA violated 18 U.S.C. § 922(g)(1) and 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) in the Northern District of California.  Accordingly, I respectfully request that the complaint and a warrant for MEZA's arrest be issued.


Dated:_____   December 7, 2020          /s/
                        _____
                        ANDREA BUENAVENTURA
                        Special Agent
                        Bureau of Alcohol, Tobacco, Firearms and Explosives


Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P 4.1 and 4(d) on this _____ day of _____.   December 7, 2020

_____
HONORABLE JACQUELINE S. CORLEY
United States Magistrate Judge